UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
|  | ) |  |
| v. | ) | Case Number: **3:22-CR-00246-MPS** |
|  | ) | USM Number: 36620-510 |
| **GREGORY C. BANKS** | ) |  |
|  | ) | *David Tien-Wei Huang* |
|  | ) | Assistant United States Attorney |
|  | ) |  |
|  | ) | *Vicki Henry Hutchinson* |
|  | ) | Defendant's Attorney |

**THE DEFENDANT:** pled guilty to Count 1 of the Information.

Accordingly, the defendant is adjudicated guilty of the following offense:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1347 | Health Care Fraud | July 6, 2022 | 1 |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The Court granted a downward variance to take account of the pending Guidelines amendment for "zero-point offenders," of which the defendant is one. The Court sentenced the defendant at the bottom of the adjusted range reached as a result of that variance to reflect the seriousness of the offense and afford general deterrence. The Court imposed conditions of release aimed at maximizing restitution payments and affording the defendant mental health treatment.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **30** months.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3** years. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

1. While any criminal debt is outstanding, you must not incur new credit card charges above $500 or open additional lines of credit without the approval of the probation officer. You must not add any new names to any lines of credit, and you must not be added as a secondary card holder on another's line of credit.

DEFENDANT: GREGORY C. BANKS
CASE NUMBER:3:22-CR-00246-MPS(01)

2. While any criminal debt is outstanding, you must provide the probation officer access to any requested financial information and authorize the release of any financial information.  The Probation Office may share financial information with the U. S. Attorney's Office.

3. While any criminal debt is outstanding, you must not encumber personal homes, investments, or properties without permission of the Court.  You must not make any changes to the trust instrument discussed at the sentencing and you must not transfer, sell, give away, barter, or dissipate in any way any assets, including personal property valued at more than $1,000, without the express permission of the probation officer and notification to the Court.

4. You must pay any restitution that is imposed by this judgment.  If you are unable to pay the full balance in a lump sum, any remaining balance is payable at a rate of not less than $800 per month or 10% of your gross monthly income, whichever is greater.  The monthly payment schedule may be adjusted based on your ability to pay as recommended by the probation officer and approved by the Court.

5. While any criminal debt is outstanding, within the first nine months of supervised release, you shall liquidate two of the three properties currently owned by the trust if the trust instrument gives you the legal authority to do so.  You must pay the proceeds of such liquidation, or your share of such proceeds, whichever applies, to the court by way of restitution.  You must file a status report about your efforts to liquidate the properties no less that 90 days after the beginning of the period of supervised release.

6. You must participate in a program recommended by the Probation Office and approved by the Court for mental health treatment.  You must follow the rules and regulations of that program.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay all or a portion of cost associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

**CONDITIONS OF VOLUNTARY SURRENDER**

Within seven days of the date of this judgment,

1. You must remove the statement from your website that you have a Ph.D. and file proof of such removal on the docket.

2. You must notify the licensing agency with jurisdiction over your counseling license about this case and about the statement on the website concerning your supposed Ph.D., indicating that such statement was false and that it has been removed, and you must file proof of such notice on the docket.

3. You must provide the Government and the Probation Office a copy of the original trust instrument as it existed the day before sentencing.

**CRIMINAL MONETARY PENALTIES**

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

**Special Assessment:**    $100.00

**Restitution:**           $1,444,387.08

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

DEFENDANT: GREGORY C. BANKS
CASE NUMBER:3:22-CR-00246-MPS(01)

**JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS**

The Court makes the following recommendations to the Bureau of Prisons:

That the defendant serve his term of incarceration at Otisville Camp or FCI Allenwood Low

The defendant shall self-surrender directly to the facility designated by the Federal Bureau of Prisons no later than 9/8/2023 under his own power and at his own expense. In the event the defendant does not receive designation by the Bureau of Prisons prior to the surrender date, the defendant must self-surrender to the United States Marshals Service by noon on 9/8/2023.

**June 26, 2023**
Date of Imposition of Judgment

/s/
Signature of Judge

**MICHAEL P. SHEA**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**6/28/2023**
Date

DEFENDANT: GREGORY C. BANKS
CASE NUMBER: 3:22-CR-00246-MPS(01)

## CONDITIONS OF SUPERVISED RELEASE
**In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:**

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ■ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ■ You must (A) make restitution in accordance with 18 U.S.C.§§ 3663, 3663A and 3664; and (B) pay the assessment imposed in accordance with 18 U.S.C. Section 3013.

(5) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
(4) You must answer truthfully the questions asked by your probation officer.
(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
(12) You must follow the instructions of the probation officer related to the conditions of supervision.

   Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision <u>and impose a term of imprisonment</u>, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

   These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

DEFENDANT: GREGORY C. BANKS
CASE NUMBER: 3:22-CR-00246-MPS(01)

(Signed) _____          _____
            Defendant                                                                                       Date

           _____          _____
            U.S. Probation Officer/Designated Witness                                          Date

CERTIFIED AS A TRUE COPY ON THIS DATE: _____
By: _____
    Deputy Clerk

RETURN
I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____,
with a certified copy of this judgment.

                                                                                           Lawrence Bobnick
                                                                                          Acting United States Marshal

                                                          By  _____
                                                                                          Deputy Marshal